UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CORIAN JONES,

        Plaintiff,

v.                                   Case No. 3:23-cv-925-BJD-PDB

JAMES FICKEN, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this action on August 7, 2023, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) and a request to proceed as a pauper (Doc. 2). Plaintiff executed and signed the Complaint, certifying his compliance with Rule 11 of the Federal Rules of Civil Procedure. *See* Complaint at 25. The Court-approved civil rights complaint form requires prisoners to disclose information regarding previous lawsuits initiated by them, including those dismissed based on the "three strikes rule," those involving similar facts, and those related to the prisoner's conditions of imprisonment. *See* Complaint at 22–24. In response to the following question on the Complaint form, Plaintiff responded "no": "[h]ave you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" *Id.* at 23-24. A search of Plaintiff's litigation history reveals Plaintiff previously filed a case

relating to the conditions of his imprisonment. *See* No. 3:21-cv-3414-MCR-ZCB (N.D. Fla) opened November 29, 2021 (claims involving physical abuse and failure to protect by correctional staff). Additionally, Plaintiff hand-wrote on his Complaint, "never filed other lawsuits." *See* Complaint at 23.

On August 31, 2023, the Court directed Plaintiff to show cause, by October 2, 2023, why this case should not be dismissed without prejudice as an abuse of the judicial process for his failure to honestly apprise this Court of his litigation history. *See* Order (Doc. 4). The Court advised Plaintiff that his failure to show satisfactory cause may result in the dismissal of this case without further notice.

On September 19, 2023, Plaintiff filed a document titled "Order to Show Cause" (Doc. 5), in which he confuses the question "[h]ave you filed other lawsuits in state or federal court otherwise **relating to the conditions of your imprisonment**?" with the question "[h]ave you filed other lawsuits in state or federal court **dealing with the same facts** involved in this action?" *Id.* (emphasis added). Plaintiff wrote "No" to both questions. Additionally, the pleading does not explain why Plaintiff misrepresented his litigation history by stating "never filed other lawsuits" in contravention of his Rule 11 certification.

The Court concludes that Plaintiff is also responsible for answering the questions on the civil rights complaint form truthfully. Indeed, "failure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam) (citation omitted). Dismissal as a sanction for providing false information on a complaint form concerning prior case filing history is warranted under these circumstances. *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (finding dismissal is not an abuse of discretion); *Jacobs v. Comerford*, No. 3:13cv52/RV/EMT, 2013 WL 6184052, at *4 (N.D. Fla. Nov. 25, 2013) (finding the plaintiff's pro se status an unacceptable excuse).

In order to control and manage the cases before it, this Court must require conformance to acceptable standards by the litigants in approaching this Court. *Wilson v. Campbell*, No. 3:20-cv-114-HES-JBT, 2022 WL 252591, at *6 (M.D. Fla. Jan. 27, 2022) (slip opinion). As such, the Court concludes that dismissal without prejudice is an appropriate sanction under these circumstances.[1] If Plaintiff decides to file another civil rights action in this

---

[1] The Court notes that in his Complaint, Plaintiff alleges the events in question occurred on December 7, 2021. Complaint at 8. Thus, a dismissal of the Complaint without prejudice will not be tantamount to a dismissal with prejudice as the four-year statute of limitations has not run.

3

Court, he must completely and truthfully respond to all questions on the Civil Rights Complaint Form.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as an abuse of the judicial process.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of September 2023.

_____
BRIAN J. DAVIS
United States District Judge

caw 9/21
c:
Corian Jones, #455651